## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEW ALLIANCE BEAN AND GRAIN COMPANY, a Division of Western Cooperative Company, a Nebraska Cooperative Corporation,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>ANDERSON COMMODITIES, INC., a Minnesota corporation; ANDERSON SEED COMPANY, a Minnesota corporation, RONALD L. ANDERSON, and RAMONA ANDERSON,<br><br>　　　　Defendants. | Case No. 12-CV-00197-JFB-TDT<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

　　　　WHEREAS the parties to this proceeding, New Alliance Bean and Grain Company and Anderson Commodities, Inc., Anderson Seed Company, Ronald L. Anderson and Ramona Anderson, recognize that during the course of this proceeding, issues may arise which may require the disclosure of trade secrets, confidential research, or sensitive commercial, financial, process, marketing or business information, or other confidential information and the parties desire to plan for that contingency by entry of this Stipulated Confidentiality and Protective Order ("Order");

　　　　WHEREAS such information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy interests of the parties;

Attachment

WHEREAS the parties have, through counsel, agreed to be bound by and stipulated to the entry of this Order to prevent unnecessary disclosure or dissemination of such confidential information;

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents or things that are produced in this action;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the terms and conditions of this Order shall govern the production and handling of documents and things, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the parties, or received from non-parties, in this action:

1. This Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Without limiting the foregoing, this Order shall survive and remain in full force and effect after the termination of this litigation.

2. This Order shall become effective upon the signatures of counsel for the parties and the approval of the U.S. Magistrate or his designee.

3. Nothing in this Order shall limit or preclude any party from applying to the Court to modify the terms of this Order or the status of any particular information, document, or thing, or for relief from this Order, or for such further or additional Protective Orders as the Court may deem appropriate.

4. Portions of documents, deposition testimony, and other materials produced or provided by any party during discovery, which contain confidential information or commercial secrets not available in the public domain, shall be

considered confidential material at the request of the producing party. The producing party shall designate clearly the portion or portions of any documents or other materials produced that its contents should be confidential, by labeling or identifying such portions as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5.  Documents labeled or identified as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be revealed only to and used by:

   A.  This Court, including its staff and any jury selected in this case;

   B.  Counsel for the parties to this action, together with their support personnel. As used herein, "counsel" shall mean those attorneys who are members or associates of any law firm employed by the parties, including those members of a corporate party's general counsel's office, and who are charged with the responsibility for and actively engaged in preparation of this matter, as well as any of counsel's respective secretaries, legal assistants, paralegals and other staff; and

   C.  Independent experts or consultants who may examine "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials in connection with discovery and the presentation of evidence in the trial of this case, and who, before receiving such materials or information, have signed the attached Acknowledgement and Agreement to be Bound.

6.  All "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with this action and shall not be disclosed by the recipient to anyone other than those persons designated above, or in Court filings as provided below, unless and until the

restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

7. If timely corrected, an inadvertent failure to designate qualified information or materials as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive a party's right to secure protection for such material. If information or material is appropriately designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions herein.

8. Any party may bring before the Court the question of whether particular information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is in fact of a confidential nature, as contemplated by this Order. However, the parties agree to attempt to resolve any such disputes prior to bringing them to the Court pursuant to NECivR 7.1(i). Until the Court has ruled on any disputed designations of confidentiality, the parties shall treat information and documents properly designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by another party as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." The party asserting confidentiality over a document, including a deposition or trial transcript, or portion thereof, shall bear the burden of establishing that the information contained therein is in fact "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

9. A party that wishes to designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any material or information that is contained in a deposition transcript shall indicate orally at the time of the deposition that it intends to designate all or part of

the testimony as confidential. Within twenty-one (21) days after receipt of the deposition transcript, the designating party shall advise the other parties of the specific portions of the testimony it contends are confidential, unless the parties agree to an extension of that period of time. Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality, the parties shall treat the designated portions of any deposition transcripts as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

10. Nothing in this Order is intended to limit or otherwise affect the scope of discovery by the parties or the use or admissibility of evidence at trial. Materials subject to this Order may be filed with the Court, provided that any portions of such documents that are designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are filed as restricted documents pursuant to NECivR 5.3 and prominently marked: "Information Subject to Protective Order." Parties shall file only that portion of a pleading, motion or brief that contains "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information with the Court under restricted access.

11. Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, all "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information and materials furnished or produced under the terms of this Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and material which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing. Outside counsel for a party may retain all materials in their

files relating to this case, but in so doing must comply with the terms of this Order, meaning that all "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information and materials, including but not limited to the above-described pleadings, exhibits, and work product materials, must be retained in confidence under the terms of this Order.

12. The Protective Order applies to information contained in the briefs, memoranda, motions or pleadings, or any other documents prepared or filed in this litigation, which reveal confidential information contained in documents or materials that have been designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by one of the parties, unless this Court has ruled that such designation was improper.

13. By entering into this stipulation, no parties waives any right it would otherwise have to object to disclosing or producing records on any ground not addressed in this stipulation. Similarly, no party waives any right to object on any ground to use in evidence or during pretrial discovery or during trial confidential material cover by the stipulation.

Dated this 7th day of February, 2013.

BY THE COURT

s/ Thomas D. Thalken
United States Magistrate Judge

**Agreed as to form and content:**

NEW ALLIANCE BEAN AND GRAIN,
COMPANY, a Division of Western
Cooperative Company, a Nebraska
Cooperative Corporation, Plaintiffs,

By: *s/ Bonnie Boryca*
Bonnie Boryca, # 24886
ERICKSON, SEDERSTROM, P.C.
Regency Westpointe, Suite 100
10330 Regency Parkway Drive
Omaha, NE  68114-3761
(402) 397-2200
bbory@eslaw.com
Attorneys for Plaintiff.


ANDERSON COMMODITIES, INC.,
ANDERSON SEED COMPANY,
RONALD L. ANDERSON, and Ramona Anderson,
Defendants,

By: *s/ Kristin M.V. Farwell*
Donald L. Swanson, #16385
Kristin M.V. Farwell, #23919
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE  68124-1079
(402) 390 9500
(402) 390 9005 (facsimile)
Don.Swanson@koleyjessen.com
Kristin.Farwell@koleyjessen.com
 Attorneys for Defendants.

4817-3926-9393.1

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety the Stipulated Protective Order or have had the Stipulated Protective Order explained to me by Counsel for a party and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska on February 7, 2013, in the case of *New Alliance Bean and Grain Company v. Anderson Commodities, Inc., Anderson Seed Company, Ronald L. Anderson and Ramona Anderson*, Case No. 12CV197.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name:   _____

Signature:   _____

Address:   _____

Dated:   _____

Attachment