IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NEW ALLIANCE BEAN AND GRAIN COMPANY,** | |
| Plaintiff, | 8:12CV197 |
| vs. | ORDER |
| **ANDERSON COMMODITIES, INC., ANDERSON SEED COMPANY, RONALD L. ANDERSON, and RAMONA ANDERSON,** | |
| Defendants. | |

This matter comes before the court on the plaintiff's Motion to Compel Discovery Responses (Filing No. 39). The plaintiff filed a brief (Filing No. 41) and index of evidence (Filing No. 40) in support of the motion. The defendants filed a brief (Filing No. 46) and index of evidence (Filing No. 47) in opposition. The plaintiff filed a brief (Filing No. 48) in reply.

## BACKGROUND

This case arises from the sale of goods between New Alliance Bean and Grain Company (New Alliance) and Anderson Commodities, Inc. (ACI). See Filing No. 31 - Second Amended Complaint ¶ 10. ACI conducts international marketing. *Id.* ¶ 4. Ramona Anderson (Ms. Anderson) and Ronald Anderson (Mr. Anderson) (collectively the Andersons) are co-owners of ACI. *Id.* ¶¶ 6-7. Mr. Anderson is also a director, shareholder, President, and Chief Executive Officer of Anderson Seed Company (ASC). *Id.* ¶ 6. Ms. Anderson is also a director, shareholder, Secretary, and Chief Financial Officer of ASC. *Id.* ¶ 7. The Andersons held the same positions at St. Hilaire Seed Company (SHSC). *Id.* ¶ 8. ASC and SHSC were in the business of buying, processing, and selling sunflower seeds and dry edible beans. *Id.* ¶¶ 5, 9. ASC ceased doing business and sold its assets on February 15, 2012. *Id.* ¶ 5. SHSC was also sold on February 15, 2012. *Id.* ¶ 9. Legumex Sunflower, LLC and Legumex Walker Finance, Inc. (collectively Legumex-Walker) purchased ASC and SHSC. *Id.*

New Alliance initially filed this action on March 1, 2012, and filed an amended complaint on May 2, 2012, in the District Court for Box Butte County, Nebraska. **See** [Filing No. 1](#) - Notice of Removal. New Alliance originally named SHSC as a defendant but subsequently voluntarily dismissed SHSC. *Id.* On June 7, 2012, the defendants removed the action to this court. *Id.* New Alliance filed a second amended complaint on January 15, 2013. **See** [Filing No. 31](#) - Second Amended Complaint. New Alliance alleges two counts against the defendants: breach of contract and fraudulent misrepresentation. *Id.* The defendants filed an answer on January 29, 2013, generally denying liability. **See** [Filing No. 33](#) - Answer.

New Alliance alleges it entered into a contract with ACI to sell pinto beans where ACI agreed to pay the purchase price within thirty days of receiving invoices from New Alliance. **See** [Filing No. 31](#) - Second Amended Complaint ¶ 10. The beans were delivered, accepted, and invoiced. *Id.* ¶¶ 11-13. New Alliance alleges it has not received payment for the beans although New Alliance received assurances payment would be forthcoming. *Id.* ¶¶ 16-17. New Alliance alleges the defendants made assurances knowing ACI's assets were insufficient to pay for the beans. *Id.* ¶ 17. New Alliance alleges the defendants purchased the beans through ACI to avoid payment and insulate the Andersons' other companies from liability. *Id.* ¶ 18. New Alliance alleges at the time ACI purchased the beans, the defendants were in negotiations to sell ASC and SHSC. *Id.* ¶¶ 19-20.

On August 22, 2012, New Alliance served ACI, ACS, and Mr. Anderson with interrogatories. **See** Filing Nos. [17](#), [18](#), and [19](#) - Notices of Service of Interrogatories. On October 11, 2012, New Alliance served ACI, ACS, and Mr. Anderson with requests for production. **See** Filing Nos. [21](#), [22](#), and [23](#) - Notices of Service of Request for Production. The defendants objected, and maintained their objections in supplemental responses, to several of the interrogatories and requests for production. **See** [Filing No. 40-6](#) - Interrogatories; Filing Nos. [40-7](#) and [40-8](#) - Request for Production. The court finds the parties made sincere attempts to resolve their disputes prior to seeking court involvement as required by NECivR 7.1(i) and Fed. R. Civ. P. 37(a)(1).

New Alliance filed the instant motion on March 27, 2013. **See** [Filing No. 39](#) - Motion. New Alliance seeks an order compelling the defendants to respond fully to

2

interrogatories and requests for production. *Id.* Specifically, New Alliance seeks answers and documents relevant to whether ASC functioned as an alter ego of ACI and whether the Andersons are personally liable for ACI's and ASC's debts. **See** Filing No. 41 - Brief p. 1-2. New Alliance asserts ACI's second supplemental answers to Interrogatory Nos. 12 through 14 are "non-responsive, insufficient, contain unsupportable objections, or indicate answers and information will be provided but such answers have not been forthcoming." *Id.* New Alliance also asserts the defendants' responses to ACI's and ASC's Request for Production Nos. 1 through 8 and Mr. Anderson's Request for Production No. 1 are insufficient, non-responsive, and contain unsupportable objections. *Id.*

Generally, the defendants objected on the grounds the interrogatories and requests seek excessive detail and are overly broad, unduly burdensome, vague, and not designed to lead to the discovery of admissible evidence. **See** Filing No. 40-6 - Interrogatories; Filing Nos. 40-7 and 40-8 - Request for Production. Additionally, the defendants objected to production of some documents because the defendants no longer have possession, control, or custody of responsive documents. **See** Filing Nos. 40-7 and 40-8 - Request for Production. The defendants explain ACI, ASC, and SHSC maintained business records in a computer program named Agvance. **See** Filing No. 46 - Response p. 4. The defendants explain by virtue of the February 15, 2012, sales of ASC and SHSC, the purchaser, Legumex-Walker, obtained possession of ASC's and SHSC's business records and a portion of ACI's records. *Id.* at 4-5. The defendants state the purchase agreements with Legumex-Walker do not entitle the defendants access to the Agvance records. *Id.*

The defendants argue their supplemental production made on April 12, 2013, moots many of the issues raised in New Alliance's Motion. **See** Filing No. 46 - Response p. 1. In reply, New Alliance states due to the defendants' April 12, 2013, supplemental production, only the following discovery requests remain at issue: ACI's Request for Production Nos. 3 through 5, ASC's Request for Production Nos. 3 and 5, and Interrogatory Nos. 12 and 13. **See** Filing No. 48 - Reply.

3

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." **Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery. **See** *id.*

A "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each

4

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying. Fed. R. Civ. P. 34(a). The rule applies to such documents that are "in the responding party's possession, custody, or control." *Id.* "[C]ontrol is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another." *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 981, 982 (D. Minn. 2008) (internal citation omitted). A party does not need to have legal ownership or actual possession of documents, "rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.*

Generally, the court has authority to limit the scope of discovery. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). The Federal Rules authorize the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, the court may also limit discovery after considering "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The defendants' April 12, 2013, production resolved numerous discovery issues listed in New Alliance's Motion; however, New Alliance argues there are two remaining issues. **See** Filing No. 48 - Reply. First, New Alliance argues the defendants have not produced ACI's responsive documents for Request for Production Nos. 3 through 5 and Interrogatory Nos. 12 and 13. **See** Filing No. 48 - Reply p. 1-2. Second, New Alliance argues the defendants may have produced responsive documents to Request for Production No. 5, but the documents, provided in the form of Agvance data, are inaccessible. *Id.* The court will address the remaining issues as they relate to production of ACI documents and Agvance data.

**A.    ACI Documents**

Request for Production Nos. 3 through 5[1] generally seek ACI's bank, profit, and loss statements that show ACI's asset transfers between ACI, ASC, and SHSC, and ACI's distribution, dividends, and wage or salary payments.  **See** [Filing No. 40-7](#) - Request for Production p. 4-5.  Interrogatory Nos. 12 and 13 seek ACI's capital as of May 31, 2011, December 31, 2011, and July 31, 2012, and the amounts and recipients of all dividends, distributions, or other non-wage payments ACI made from January 1, 2011, through July 31, 2012.  **See** [Filing No. 40-6](#) - Interrogatory p. 6-8.

In the defendants' April 15, 2013, brief, the defendants state they sought copies of ACI's bank statements and will produce ACI's information upon receipt to respond to Request for Production No. 3.  **See** [Filing No. 46](#) - Response p. 16.  The defendants also state ACI's bank statements may include responsive information for Request for Production No. 4 and Interrogatory Nos. 12 and 13.  *Id.* at 16-18.  New Alliance protests the defendants have not yet produced the promised ACI bank statements as of April 22, 2013.  **See** [Filing No. 48](#) - Reply p. 1.  Absent objections to rule upon, the defendants shall timely produce ACI's bank statements as promised in the defendants' April 15, 2013, brief.

**B.    Agvance data**

New Alliance argues the defendants are obligated to produce responsive documents in a format accessible and usable by New Alliance in response to Request for Production No. 5.  **See** [Filing No. 48](#) - Reply p. 1-4.  New Alliance argues responsive documents may exist in the Agvance data, however New Alliance does not have access to the documents without purchasing a software license.  *Id.*

The defendants argue production of the Agvance data satisfies the defendants' obligation under Request for Production No. 5.  **See** [Filing No. 46](#) - Response p. 16-17.  The defendants argue they have gone above and beyond their duties under the Federal Rules of Civil Procedure by requesting and producing the Agvance data in Legumex-Walker's possession.  *Id.*  The defendants produced the Agvance records in the form in

---

[1]    New Alliance's requests for production served on ACI and ASC are identical, therefore the court will address requests and objections thereunder simultaneously.  **Compare** [Filing No. 40-7](#) - Request for Production to ACI **with** [Filing No. 40-8](#) - Request for Production to ASC.

which the information is ordinarily maintained.  *Id.* at 19.  The defendants state the Agvance data contains the defendants' accounting information which presumably includes information regarding distribution, dividends, wage or salary payments, and any intra-company transfers.  *Id.*  The defendants state they do not use the Agvance system and therefore no longer have access to the system.  *Id.* at 9; Filing No. 47-3 - Mr. Anderson Aff. ¶ 10.  The defendants state they are willing to assist New Alliance in answering questions regarding the Agvance data once accessed to the extent they are able without incurring additional monetary cost.  *Id.* at 20.

By virtue of the purchase agreements executed on February 15, 2012, the defendants no longer have possession, custody, or control of ASC and SHSC documents.  Legumex-Walker purchased ASC and SHSC and obtained possession of ASC and SHSC documents in the Agvance system.  The purchase agreements do not provide the defendants the right or authority to demand documents from Legumex-Walker.  **See** Filing No. 46 - Response p. 5; Filing No. 47-2 - Gary Leistico Aff. ¶ 8.  New Alliance has offered no evidence to show the defendants have possession, custody, or control, or the legal right to obtain ASC and SHSC documents on demand from Legumex-Walker.  **See** *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 148 (S.D.N.Y. 2011) ("The burden of demonstrating that the party from whom discovery is sought has the practical ability to obtain the documents at issue lies with the party seeking discovery.").

Under the Federal Rules of Civil Procedure, the defendants do not have an obligation to produce ASC and SHSC documents not within their possession, custody, or control.  However, in an effort to accommodate New Alliance's requests and resolve discovery disputes, the defendants requested documents from Legumex-Walker.  Legumex-Walker provided the defendants with documents in the form of Agvance data, which is the form the documents are ordinarily maintained.  The defendants subsequently transferred those documents, still in the original form of Agvance data, to New Alliance.  The defendants went above and beyond their obligation under the Federal Rules of Civil Procedure by requesting documents from Legumex-Walker.  The defendants are under no further obligation to make the Agvance data accessible to New Alliance.  If New Alliance requires access to the Agvance data, New Alliance may

7

purchase the necessary software license or serve Legumex-Walker with a subpoena in accordance with Federal Rules of Civil Procedure 45. Accordingly, the motion is denied to the extent the defendants are not required to reproduce or facilitate New Alliance's access to the Agvance data produced in response to Request of Production No. 5.

**IT IS ORDERED**:

New Alliances' Motion to Compel Discovery Responses (Filing No. 39) is granted with regard to Interrogatory Nos. 12 and 13 and Request for Production Nos. 3 through 5, to the extent the defendants shall supplement their answers and responses with ACI's bank statements as provided in this order on or before **May 17, 2013**, and denied in all other respects.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 2nd day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge